LYONS, JUDGE:
Claimant and respondent entered into a contract on July 10, 1979, for the construction of 2.92 miles of Steer Run Road in Gilmer County, West Virginia, designated Project S 311-50-0.00. Claimant and respondent entered into a second contract for the construction of 4.27 miles of Erbacon Road in Webster County designated Project U 351-9-9:72-10 on June 25, 1979. Claimant contends that it was required to enter into a Supplemental Agreement during the course of these contracts. Claimant alleges that a price reduction provided in the Supplemental Agreement resulted in a loss to claimant on both projects in the amount of $63,135.48 for which the claimant filed this claim.
The claimant was operating a stone crushing plant in Webster County when it was the successful bidder on the above-mentioned projects for the respondent. During the construction of the two projects, the claimant was advised by the respondent that the specification requirements were not being met for “soundness” (a sodium sulfate) test). The respondent shut down the projects until an agreement could be worked out by the parties whereby the claimant accepted a penalty. There were negotiations between the parties which resulted in Supplemental Agreement No. 1 Change Order No. 1 signed by the parties on January 8, 1980. The agreement provided that the material which failed the soundness test would be used as base stabilization with a twenty-five percent reduction in price. This penalty was accepted by the claimant.
After the completion of the projects, claimant signed the Final Estimates to the contracts on August 11, 1981, with exceptions noted thereon to the terms of the Supplemental Agreement and that claimant intended to file a petition in the Court of Claims.
The Supplemental Agreement was a change in the terms of the contract. The parties negotiated the terms of the agreement which was then placed in writing and signed by all parties. The Supplemental Agreement constitutes a contract in and of itself.
For these reasons the Court is of the opinion to, and does, disallow the claim.
*299 Claim denied.
Judge William W. Gracey did not participate in the decision of this claim.